**UNITED STATES of America,
Appellee,**

**v.**

**Dunia Lizeth Morataya RAMOS,
Defendant–Appellant.**

**Docket No. 01–1078.**

United States Court of Appeals,
Second Circuit.

Jan. 18, 2002.

Alexei Schacht, Nalven & Schacht, Astoria, NY, for Appellant.

Jo Ann M. Navickas, Ass't U.S. Att'y, Brooklyn, NY, for Appellee.

Present KEARSE, WINTER, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Dunia Lizeth Morataya Ramos appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Allyne R. Ross, *Judge,* convicting her of importing more than five kilograms of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1), and possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and sentencing her principally to 121 months' imprisonment, to be followed by a five-year term of supervised release. On appeal Ramos contends principally that the evidence was insufficient to permit the jury to find that she knew she was carrying cocaine, and that she was denied effective assistance of counsel. Finding no basis for reversal, we affirm.

▮ "A defendant challenging a conviction based upon a claim of insufficiency of the evidence bears a heavy burden." *United States v. Feliciano,* 223 F.3d 102, 113, (2d Cir.2000) *cert. denied,* 532 U.S. 943, 121 S.Ct. 1405, 149 L.Ed.2d 348 (2001); *see, e.g., United States v. Esdaille,* 769 F.2d 104, 108 (2d Cir.), *cert. denied,* 474 U.S. 923, 106 S.Ct. 258, 88 L.Ed.2d 264 (1985); *United States v. Martino,* 759 F.2d 998, 1002 (2d Cir.1985); *United States v. Losada,* 674 F.2d 167, 173 (2d Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982). In reviewing such a challenge, the appellate court must credit every inference that could have been drawn in the government's favor, deferring "to the jury's determination of the weight of the evidence and the credibility of the

witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence," *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998), and must find the evidence sufficient so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt, *see, e.g., United States v. Buck*, 804 F.2d 239, 242 (2d Cir.1986). We "consider the evidence as a whole, and not as individual pieces . . . and remember that the jury is entitled to base its decision on reasonable inferences from circumstantial evidence." *United States v. Rahman*, 189 F.3d 88, 123 (2d Cir.), *cert. denied*, 528 U.S. 982, 120 S.Ct. 439, 145 L.Ed.2d 344 (1999) (internal quotation marks omitted).

■ Further, if a defendant offers evidence after the court has denied her motion for acquittal at the close of the government's case in chief, she waives any claim as to the sufficiency of the government's case considered alone. *See, e.g., United States v. Maniego*, 710 F.2d 24, 28 (2d Cir.1983). *United States v. Keuylian*, 602 F.2d 1033, 1040–41 (2d Cir.1979); *United States v. Pui Kan Lam*, 483 F.2d 1202, 1208 n. 7 (2d Cir.1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974). Thus, the defendant's testimony may add weight to the government's case. *See, e.g., United States v. Stanley*, 928 F.2d 575, 577 (2d Cir.) ("the jury [is] entitled to disbelieve [the defendant's] testimony, and use its disbelief to supplement the other evidence against h[er]"), *cert. denied*, 502 U.S. 845, 112 S.Ct. 141, 116 L.Ed.2d 108 (1991); *United States v. Tyler*, 758 F.2d 66, 69 (2d Cir.1985) ("the jury has a right to consider the defendant's lack of credibility in reaching its verdict").

■ In the present case, Ramos ran an international courier service, in which she herself acted as a courier, carrying items back and forth between the United States and Guatemala, and she was arrested after she arrived in New York on a flight from Guatemala and was found to be carrying approximately nine kilograms of cocaine in her luggage. The government's evidence included testimony by a customs official that, when stopped at the airport, Ramos claimed that the block-shaped packages in her luggage—in which the official found the cocaine—were "dulce," or candy; that Ramos had not declared any dulce or candy on her customs declaration form; that Ramos had no receipt for dulce; that none of the dulce packages bore any address; that the packages were unusually heavy for dulce; that although Ramos had stated on her customs form that her residence was in New York, she was carrying a driving learner's permit and identification card indicating that her residence was in Maryland; and that when the cocaine was discovered in the packages that Ramos had said contained dulce, Ramos displayed no reaction. The government also introduced evidence that in the past Ramos had carried narcotics proceeds for a customer she knew to be a drug dealer. The jury could easily have found from this evidence that Ramos had been aware of the presence of the cocaine and that her erroneous and inconsistent statements to customs officials constituted an effort to conceal her knowledge of the illicit contents of her luggage.

The jury could also have found that those inferences were supported by Ramos's own lack of credibility at trial. For example, although Ramos testified that she was delivering merchandise for her shipping customers, she had stated on her customs form that she was traveling for personal reasons. In addition, Ramos testified that after the death of her husband, she traveled to Guatemala only once; but when confronted with contrary evidence, she admitted that after her husband's death and before her arrest she had in fact traveled between Washington, D.C., and Guatemala on nearly 20 occasions. The

jury was entitled to consider Ramos's lack of credibility in reaching its verdict. In sum, the evidence at trial was ample to permit a rational juror to conclude beyond a reasonable doubt that Ramos was knowingly carrying cocaine.

The cases on which Ramos principally relies for the contrary proposition, *United States v. Nusraty*, 867 F.2d 759 (2d Cir. 1989), and *United States v. Gaviria*, 740 F.2d 174 (2d Cir.1984), are easily distinguishable. In *Nusraty*, the defendant did not have drugs in his own possession and the evidence showed only that he was picking up an airline passenger who was carrying heroin. *See* 867 F.2d at 764. In *Gaviria*, the defendant in question, who was charged with conspiracy to distribute and to possess with intent to distribute drugs, had been present in an apartment where cocaine and drug paraphernalia were discovered, but was not herself in possession of a quantity of drugs sufficient to support an inference that she was a member of the drug distribution conspiracy. *See* 740 F.2d at 184. Neither of these cases requires the conclusion that the evidence of Ramos's knowledge was insufficient.

Nor are we persuaded by Ramos's claim of constitutionally ineffective assistance by her trial attorney. In order to prevail on such a claim, a defendant must show both (a) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (b) that there is a reasonable probability that but for the deficiency, the outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ramos claims that she received substandard assistance when her attorney elicited from the customs official who had stopped her the fact that the Customs Service had been investigating her prior to her arrest. Although trial counsel's questioning pres-ents a close question on the incompetent-performance prong of the *Strickland* test, we see no reasonable probability that, absent that questioning, the result of the trial would have been any different. The mere existence of a prior or an ongoing investigation did not show Ramos's knowledge; and as discussed above, the evidence showing Ramos's knowledge that she was carrying cocaine was ample.

We have considered all of Ramos's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.